IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HECTOR JAVIER LOZANO-DE LOS CABOS                                PETITIONER

vs.                    Civil Case No. 4:05CV00772 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Hector Javier Lozano-De Los Cabos, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner was convicted in the United States District Court for the Southern District of Texas of possession of cocaine with intent to deliver and received a sentence of 87 months. He apparently was housed in Florida for some time. He submitted to the United States District Court for the Northern District of Florida a form, asking to be made part of a lawsuit requesting the Bureau of Prisons (BOP) to recalculate federal prisoners' good

conduct time (GCT) under 18 U.S.C. § 3624(b) "on the basis of time imposed rather than on time actually served" (Attachment to Notice of Transfer, DE #1).  The Florida district court construed the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and transferred the matter here.  Respondent has now filed a Response.

The issues raised here have been raised in other cases in this district: <u>Patel v. Sanders</u>, No. 2:04CV00111; <u>Tyler v. Sanders</u>, No. 2:04CV00222; <u>Hall v. Sanders</u>, NO. 4:05CV00112; and  <u>Tillman v. Jeter</u>, NO. 2:04CV00131.   This court has filed orders in each of these cases denying relief to the petitioners.  <u>Patel v. Sanders</u>, is on appeal, No. 05-2652.

The BOP interprets § 3624(b) as allowing fifty-four days of GCT for each year of the sentence an inmate actually serves.  These calculations are made pursuant to program statement 5880.28, which was issued in 1992 and adopted as a regulation at 28 C.F.R. § 523.20 in 1997.  The program statement contains a formula for calculating the GCT in this manner and for prorating GCT for the final partial year of incarceration.  The BOP does not award GCT for the years subtracted from a sentence as GCT credit.  The argument in these cases is that Congress' use of the phrase "term of imprisonment" in the statute requires the BOP to award fifty-four days of GCT for each year of the entire sentence imposed.

Under this theory, Petitioner would be entitled to fifty-four days of GCT for each of the 21.8 years of his sentence.

The court must examine the BOP's interpretation of the statute under <u>Chevron U.S.A. v. Natural Resources Defense Council</u>, 467 U.S. 837, 842-43 (1984). The Eighth Circuit Court of Appeals has explained the <u>Chevron</u> analysis:

> <u>Chevron</u> did not enumerate the "traditional tools" to be applied by the reviewing court in its quest for the intent of Congress, but the analysis conducted by the <u>Chevron</u> Court has been the road map for other courts. In the course of a <u>Chevron</u> analysis, a court must first consider the actual words of the statute. <u>Chevron</u>, 467 U.S. at 843, 104 S.Ct. at 2781 (the starting point for the interpretation of a statute must be its plain language.) If the intent of Congress is clear from the plain language of the statutory provision, that will be the end of the judicial inquiry. <u>Id.</u> If analysis of the statutory language does not yield an unambiguous congressional intent, the court should then look to the legislative history. If congressional intent is clearly discernable, the agency must act in accordance with that intent and the court need not defer to the agency's interpretation of its mandate. <u>K Mart Corp. v. Cartier Inc.</u>, 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988); <u>see</u> <u>also</u> <u>Chevron</u>, 467 U.S. at 843 n. 9, 104 S.Ct. at 2781 n. 9 ("the judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.")
>
> * * *
>
> Deference to an agency becomes an issue when the first part of a <u>Chevron</u> analysis does not yield a clear congressional intent. <u>Chevron</u>, 467 U.S. at 843, 104 S.Ct. at 2781. In such cases, Congress delegated the interpretation and development of the statutory provision to the discretion of the agency charged with enforcing the statute. <u>Id.</u> Therefore, <u>Chevron</u> requires that a reviewing court defer to the agency's interpretation of an ambiguous statute if that interpretation is

4

> "permissible." Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). In order to be "permissible," the agency's construction of the statute must be reasonable. Chevron, 467 U.S. at 844, 104 S.Ct. at 2782. As long as the interpretation proposed by the agency is reasonable, a reviewing court cannot replace the agency's judgment with its own. Therefore, we cannot balance policy considerations, or choose among competing interests when evaluating the reasonableness of an agency action. See EEOC v. Commercial Office Products Co., 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988).

Arkansas AFL-CIO v. F.C.C., 11 F.3d 1430, 1440, 1441 (8th Cir. 1993)(footnotes omitted).

Every circuit court of appeals that has addressed these issues in a published opinion has upheld the BOP's interpretation of § 3624(b), holding that the statute is ambiguous and the BOP's interpretation of it is reasonable under Chevron.[1] O'Donald v. Johns, 402 F.3d 172 (3rd Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); Petty v. Stine, 424 F.3d 509 (6th Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002). The Eighth Circuit has upheld the BOP's interpretation of the statute in unpublished opinions, James v. Outlaw, No. 04-2686, 2005 WL 677769 (8th Cir. Mar.24,2005), and U.S.

---

[1] The Fifth Circuit found a petition was not ripe for review, but indicated in dicta that it would find the statute is ambiguous and the BOP's interpretation was entitled to deference under Chevron. Sample v. Morrison, 406 F.3d 310 (5th Cir.2005).

5

v. Wittman, 139 Fed.Appx. 759 (8th Cir. July 18, 2005).[2]  In addition, unpublished decisions from this district court have also upheld this interpretation, e.g., White v. Sanders, 2005 WL 2655476 (E.D.Ark. Oct. 18, 2005); Bills v. Jeter, No. 2:03CV0004 (E.D.Ark. Nov. 19, 2003), summarily affirmed, Bills v. Jeter, NO. 04-1270 (8th Cir. 2004).  Only three district courts have ruled in favor of petitioners, and one of those opinions, White, was reversed at the appellate level.  Moreland v. The Federal Bureau of Prisons, 363 F.Supp.2d 882, 886 (S.D.Texas 2005); Williams v. DeWalt, 351 F.Supp.2d 412 (D.Md.2004); White v. Scibana, 314 F.Supp.2d 834 (W.D.Wis.2004), rev'd White v. Scibana, 390 F.3d 997 (7th Cir. 2004).

I am convinced the prevailing view in the circuit courts represents the better reasoned approach.  I agree that the statute is ambiguous because neither its plain language nor its legislative history[3] "make clear whether the sentence imposed or time served should be the basis of proration," Pacheco-Camacho v. Hood, 272 F.3d 1268-69; Perez-Olivo v. Chavez, 394 F.3d at 48-51; White v. Scibana, 390 F.3d at 1000-1002.  In addition, I find the BOP's

---

[2] While the court's conclusion is notable, this court is not bound by an unpublished decision.  8th Cir.R.28A(i).

[3] Some petitioners have pointed to comments in 1996 by Senator Joseph Biden, co-author of the 1984 statute, that inmates who go to prison know they will spend at least eighty-five percent of their sentences in prison, and can get up to only 1.5 years of GCT on a ten-year sentence, but such a statement twelve years after the passage of the act is simply not persuasive.

6

interpretation falls within its implied statutory authority. Pacheco-Camacho v. Hood, 272 F.3d 1271; Perez-Olivo v. Chavez, 394 F.3d at 52; White v. Scibana, 390 F.3d at 1000-1001. Furthermore, I find the BOP's interpretation of the statute is reasonable. The statute speaks of an inmate receiving GCT "at the end of each year...." "This is a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP to award GCT for time served." Perez-Olivo v. Chavez, 394 F.3d at 53. The statute further provides that a prisoner may only "receive GCT '[if] the prisoner has displayed exemplary compliance with institutional disciplinary regulations.'" This indicates Congress intended the "BOP evaluate a prisoner's conduct during his time in prison, making it reasonable for the BOP to require that time actually be served in order for the conduct during that time to be evaluated." Id. Because the BOP's interpretation is reasonable, it is therefore permissible.

Some petitioners have also asserted that the rule of lenity, not the Chevron rule is the appropriate tool for construing the statute because § 3624(b) is penal in nature.

> The rule of lenity states that a court cannot interpret a federal criminal statute "so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." United States v. R.L.C., 915 F.2d 320, 325 (8th Cir.1990), aff'd, 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992). The rule of lenity

>   favors the statutory construction yielding the shorter sentence. Id.; United States v. Lazaro-Guadarrama, 71 F.3d 1419, 1421 (8th Cir.1995).
>
>   "The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act, such that even after a court has seize[d] every thing from which aid can be derived, it is still left with an ambiguous statute. The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." Chapman v. United States, 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (internal quotations and citations omitted).

U.S. v. Speakman, 330 F.3d 1080, 1083 ((8th Cir. 2003).

As stated by the court in Pacheco-Camacho, this rule "ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibition greater than the legislature intended."  272 F.3d at 1271.

>   The rule of lenity, however, does not prevent an agency from resolving statutory ambiguity through a valid regulation. See Babbitt v. Sweet Home Chapter of Cmtys., 515 U.S. 687, 704 n. 18, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995). In such a case, the regulation gives the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties. To the extent that there is any ambiguity in section 3624(b), the BOP has resolved it through a reasonable interpretation, and the rule of lenity does not apply. See Lopez v. Davis, 531 U.S. 230, 242, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) (recognizing that Chevron deference applies to the BOP's interpretation of the statutes that it administers).

Pacheco-Camacho v. Hood, 171 F.3d at 1271-72.  Petitioner is not entitled to relief.

8

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 25th day of October, 2005.

_____
United States Magistrate Judge